UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marvin Bowens, ) | C/A No.: 4:09-3069-HFF-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Sgt. Christi Green, Det. 172, ) | |
| ) | |
| Defendants. ) | |

## I. PROCEDURAL BACKGROUND

The Plaintiff, Marvin Bowens ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on November 25, 2009. Plaintiff alleges that his constitutional rights were violated by Defendant. Defendant filed a Motion to Dismiss on August 17, 2010. Because Plaintiff is proceeding pro se, the court issued an Order on or about August 18, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising that a failure to respond to the Defendant's Motion to Dismiss could result in the dismissal of his complaint. The Roseboro Order was returned to the Clerk of Court's office via United States Postal Service on September 2, 2010, marked "Return to Sender." (Doc. #18). No response has been filed by Plaintiff to Defendant's Motion to Dismiss, and Plaintiff has not notified the court of a change of address.[2]

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

[2] An Order was issued on December 17, 2009, directing the Plaintiff to "always keep the Clerk of Court advised in writing" if his address changed for any reason or his case may be dismissed. (Doc. #8).

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of Plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the Defendant;

(3) the history of the Plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendant's Motion to Dismiss or the court's Orders requiring him to respond. As previously stated, the Roseboro Order was returned to the Clerk of Court's office *via* United States Postal Service as undeliverable. (Doc. #18). Plaintiff has not provided the court with an updated address. The undersigned concludes the Plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II. CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 27 , 2010
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**